IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                  No. CV 08-0854 JH/WDS
                                                                          CR 08-0489 JH

FRANCISCO LEON-CELAYO,

Defendant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Francisco Leon-Celayo. (Document No. 1) Leon-Celayo is acting *pro se*. Respondent filed a response in opposition to the motion. (Document No. 6) The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, recommends the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Leon-Celayo is not entitled to relief, an evidentiary hearing is not necessary. 28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000). The court makes the following findings and recommended disposition.

### PROCEDURAL AND FACTUAL HISTORY

Petitioner was arrested by Border Patrol Agents near Columbus, New Mexico, in Luna

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

County, on December 24, 2007. Petitioner had been excluded/deported from the United States three times before - the most recent deportation/exclusion occurring on or about January 10, 1997. Mr. Leon-Celayo entered a plea of guilty to a one count information alleging a violation of 8 U.S.C. §1346(b)(1) (Illegal Reentry After Prior Deportation) and also executed a Fast Track Plea agreement with the United States on March 17, 2008. [Crim. Docs. #10 and #13].

The Fast Track plea agreement entered into by Petitioner, his counsel, and the United States provided, *inter alia,* that Mr. Leon-Celayo had thoroughly reviewed all aspects of his case, including sentencing possibilities, with his attorney and was fully satisfied with his attorney's legal representation. The plea agreement expressly stated that the plea was freely and voluntarily made. Petitioner also agreed to waive the right to appeal any sentence within the applicable sentencing guideline range and to waive any collateral attack to the Defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

Petitioner's presentence report (PSR) recommended that the district court apply a twelve-level enhancement in calculating the advisory guideline range, because Petitioner had been convicted of a drug trafficking offense for which the sentence imposed was less than thirteen months. *See* USSG §2L1.2(b)(1)(B). Specifically, Mr. Leon was convicted of felony possessing/purchasing cocaine base for sale on July 22, 1988, as set forth in the Adult Criminal Convictions section of the PSR. However, in the Offense Level Computation section of the PSR this conviction was described as occurring on July 22, 1998.

At sentencing the district court adopted the PSR without change. [Crim. Doc. 20]. The court found the PSR correctly calculated the advisory guideline range of 37 to 46 months, given a total offense level of 17 and a criminal history category IV. Mr. Leon received the benefit of the Fast Track Plea agreement and his sentence was downwardly adjusted to an advisory guideline range of

30-37 months. The court sentenced Mr. Leon to 30 months imprisonment on June 19, 2008. [Crim. Doc. 19].

## CLAIMS

Petitioner claims that the error in the PSR, which placed his date of conviction for the drug trafficking charge on July 22, 1998 instead of the actual date, July 22, 1988, caused him to be awarded the additional 12 offense level points under USSG § 2L1.2(b)(1)(B). Petitioner claims that he is entitled to be re-sentenced without the extra 12 offense level points.

Respondent argues that Petitioner waived his right to file this petition, but that even if the Court considers the petition on the merits, the error in the PSR was merely typographical, and did not have an effect on the length of Petitioner's sentence.

## STANDARD OF REVIEW

Since Petitioner is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies. A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

## ANALYSIS

As an initial matter, there is no question that Petitioner agreed to waive any collateral attack to his conviction pursuant to 28 U.S.C. § 2255, except for the issue of ineffective assistance of counsel. Respondent argues that this petition does not present a claim for ineffective assistance of counsel. Although it may be true that Petitioner did not use those exact words, the Court reads a *pro se* petition such as this liberally. In *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104

S. Ct. 2052 (1984) the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000). If it were true that Petitioner's attorney failed to realize that there was a mistake in the PSR, and the mistake caused Petitioner to receive a longer sentence than he otherwise would have received, a court would likely conclude that both prongs of the *Strickland* test had been met. Accordingly, the Court recognizes Leon-Celayo's petition as one setting forth a claim of ineffective assistance of counsel, and will proceed to address the merits of the petition.

Petitioner alleges that his July 1988 conviction for felony possessing/purchasing cocaine base for sale was mistakenly listed as a 1998 conviction during his 2008 sentencing. As a general matter, it is not unknown for sentencing statutes to include "look back," or limitations periods of ten or fifteen years. If USSG §2L1.2(b)(1)(B) contained such a provision the typographical error in the PSR might have been significant, since it portrayed a twenty year old conviction as a ten year old conviction. However, USSG §2L1.2(b)(1)(B) contains no such limitation, and it was irrelevant for sentencing purposes whether Petitioner's earlier felony drug trafficking offense occurred in 1988 or 1998.

Also, as noted by Respondent, Petitioner had two other felony drug trafficking offenses, either of which, by themselves, would have resulted in the same 12 level enhancement. Accordingly, while defense counsel did fail to identify and correct the typographical error in the PSR, Petitioner suffered no prejudice as a result and Petitioner has failed to show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,

466 U.S. at 694.  Petitioner's argument is not well taken and the Court recommends that the petition be dismissed with prejudice.

## RECOMMENDED DISPOSITION

The court recommends that Leon-Celayo's Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody be DISMISSED with prejudice. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

                                             **W. DANIEL SCHNEIDER**
                                             **United States Magistrate Judge**